1
2
3
4
5
6
7
8 # UNITED STATES DISTRICT COURT

9 ## EASTERN DISTRICT OF CALIFORNIA

10

11  STEVEN STROTHER,                          )   1:11-cv-01938-AWI-JLT HC
                                              )
12                     Petitioner,            )   FINDINGS AND RECOMMENDATIONS
                                              )   TO DISMISS PETITION FOR WRIT OF
13       v.                                   )   HABEAS CORPUS (Doc. 1)
                                              )
14  WARDEN,                                   )   ORDER DIRECTING THAT OBJECTIONS BE
                                              )   FILED WITHIN TWENTY DAYS
15                     Respondent.            )
                                              )
16  _____ )

17        Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus

18  pursuant to 28 U.S.C. § 2254.   On November 9, 2011, Petitioner filed his petition for writ of

19  habeas corpus in this Court in the United States District Court for the Central District of

20  California.  (Doc. 1).   On November 22, 2011, the case was transferred to this Court.  (Doc. 4).

21        At the time the petition was filed, Petitioner was incarcerated at Pleasant Valley State

22  Prison, serving a sentence of 162 years-to-life for a February 10, 2004 conviction in the Orange

23  County Superior Court for, inter alia, three counts of first degree burglary, possession of a

24  firearm by a felon, evading while driving recklessly, and shooting at an unoccupied dwelling or

25  vehicle.  (Doc. 6, p. 2).[1]  However, Petitioner does not challenge either his conviction or

26  sentence.   Instead, Petitioner is challenging a decision made by prison authorities while he was

27  _____

28        [1]Petitioner's sentence includes six consecutive 25-years-to-life sentences plus an additional twelve-year
enhancement pursuant to Cal. Pen. Code § 667(a), resulting in a total sentence of 162 years-to-life.  (Doc. 6, p. 2).

incarcerated at Centinela State Prison to classify Petitioner with a "VIO" determination pursuant to Cal. Code Regs., tit. 15, § 3375.2, subd. (b)(25).[2]  (Doc. 1, pp. 5-8; p. 18).  Petitioner contends that the VIO classification violates his federal due process rights because it was without a factual foundation since he has never been charged with or convicted of a violent crime, as defined in that regulation.  (Id.).

### DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).  A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485, 93 S. Ct. 1827 (1973); Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003)("[H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence."); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has also held that "[h]abeas corpus jurisdiction also exists when a petitioner seeks expungement of a disciplinary finding from his record if expungement is likely to accelerate the prisoner's eligibility for parole."  Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989); see also Docken v. Chase, 393 F. 3d 1024, 1031 (9th Cir. 2004)("[W]e understand Bostic's use of the term 'likely' to identify claims with a sufficient nexus to the length of

---

[2]Cal. Code Regs., tit. 15, § 3375.2, subd. (a) permits the California Department of Corrections and Rehabilitation to house inmates in facilities with a security level that is not consistent with the inmate's placement score when he or she meets one of twenty-seven administrative or irregular placement conditions listed in subd. (b). Each of the twenty-seven listed conditions is given a three-letter code.  Petitioner was assigned the "VIO" code, which indicates that he is and "[i]nmate [who] has a current or prior conviction for a violent felony, or a sustained juvenile adjudication including, but not limited to, those listed under Penal Code section 667.5(c), which, as determined by the CSR, requires placement in a facility with a higher security level than that indicated by his/her placement score."  Cal. Code Regs., tit. 15, § 3375.2, subd. (b)(25).

1   imprisonment so as to implicate, but not fall squarely within, the 'core' challenges identified by
2   the Preiser Court.")

3        In contrast to a habeas corpus challenge to the length or duration of confinement, a civil
4   rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the
5   conditions of that confinement.   McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991);  Preiser,
6   411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules
7   Governing Section 2254 Cases.

8        In this case, as mentioned, Petitioner alleges that prison officials at Centinela State Prison
9   improperly classified him as a VIO inmate, thus resulting in his placement in a prison facility
10  with a higher security level than that indicated by his placement score.  Petitioner requests that
11  the VIO classification be removed from his prison file.  (Doc. 1, p. 8).  Petitioner is thus
12  challenging a condition of his confinement, not the fact or duration of that confinement.
13  Therefore, Petitioner is not entitled to habeas corpus relief, and this petition must be dismissed.
14  Should Petitioner wish to pursue his claims, Petitioner must do so by way of a civil rights
15  complaint pursuant to 42 U.S.C. § 1983.

16       Moreover, Petitioner's claim raises solely an issue of state law, and is therefore not a
17  cognizable claim in federal habeas corpus proceedings.  The basic scope of habeas corpus is
18  prescribed by statute.  Subsection (c) of Section 2241 of Title 28 of the United States Code
19  provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of
20  the Constitution." 28 U.S.C. § 2254(a) states that the federal courts shall entertain a petition for
21  writ of habeas corpus only on the ground that the petitioner "is in custody in violation of the
22  Constitution or laws or treaties of the United States. See also, Rule 1 to the Rules Governing
23  Section 2254 Cases in the United States District Court. The Supreme Court has held that "the
24  essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ."
25  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

26       Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner
27  must demonstrate that the adjudication of his claim in state court resulted in a decision that was
28  contrary to, or involved an unreasonable application of, clearly established Federal law, as

determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1), (2).

The gravamen of the instant petition is a violation of state law, and, more specifically, a state regulation. Federal habeas relief is not available to retry a state issue that does not rise to the level of a federal constitutional violation. Wilson v. Corcoran, 562 U.S. ___, 131 S.Ct. 13, 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475 (1991). Alleged errors in the application of state law are not cognizable in federal habeas corpus. Souch v. Schiavo, 289 F.3d 616, 623 (9th Cir. 2002). Indeed, federal courts are bound by state court rulings on questions of state law. Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), cert. denied, 493 U.S. 942 (1989).

Although Petitioner makes broad, unspecified allegations of a "due process" violation, Petitioner's generic assertion of a constitutional violation does not transform this state claim into a federal one. Merely placing a "due process" label on an alleged violation does not entitle Petitioner to federal relief. Langford v. Day, 110 F.3d 1386, 1388-89 (1996). Broad, conclusory allegations of unconstitutionality are insufficient to state a cognizable claim. Jones v. Gomez, 66 F.3d 199, 205 (9th Cir.1995); Greyson v. Kellam, 937 F.2d 1409, 1412 (9th Cir.1991) (bald assertions of ineffective assistance of counsel did not entitle the petitioner to an evidentiary hearing; see also Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999), citing Gray v. Netherland, 518 U.S. 152, 162-63 (1996) ("general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion).

Finally, even where jurisdiction exists, federal courts, for good reasons, are reticent to micro-manage a respondent's decisions regarding the day-to-day handling of prison discipline. "[F]ederal courts ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment....Such flexibility is especially warranted in the fine-tuning of the ordinary incidents of prison life...." Sandin v. Conner, 515 U.S. 472, 482 (1995). In Procunier v. Martinez, 416 U.S. 396, 404-405 (1974), overruled in part on other grounds, Thornburgh v.

1  <u>Abbott</u>, 490 U.S. 401 (1989), the Supreme Court explained the basis for this deference:

2
3  > Traditionally, federal courts have adopted a broad hands-off attitude toward problems of
   > prison administration.  In part this policy is the product of various limitations on the
   > scope of federal review of conditions in state penal institutions.  More fundamentally, this
4  > attitude springs from complementary perceptions about the nature of the problems and the
   > efficacy of judicial intervention.  Prison administrators are responsible for maintaining
   > internal order and discipline, for securing their institutions against unauthorized access or
5  > escape, and for rehabilitating, to the extent that human nature and inadequate resources
   > allow, the inmates placed in their custody. The Herculean obstacles to effective discharge
6  > of these duties are too apparent to warrant explication.  Suffice it to say that the problems
   > of prisons in America are complex and intractable, and, more to the point, they are not
7  > readily susceptible of resolution by decree.  Most require expertise, comprehensive
   > planning, and the commitment of resources, all of which are peculiarly within the
8  > province of the legislative and executive branches of government.  For all of those
   > reasons, courts are ill equipped to deal with the increasingly urgent problems of prison
9  > administration and reform.  Judicial recognition of that fact reflects no more than a
   > healthy sense of realism.
10
11  <u>Procunier</u>, 416 U.S. at 404-405.  Thus, even if Petitioner's claim of improper classification were

12  cognizable in these habeas proceedings, for the reasons set forth in <u>Sandin</u> and <u>Procunier</u>, this

13  Court would be extremely reluctant to attempt to second-guess Respondent's decision regard

14  Petitioner's classification.

15  **<u>RECOMMENDATION</u>**

16       Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus (Doc.

17  1), be DISMISSED because the petition does not allege grounds that would entitle Petitioner to

18  habeas corpus relief.

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

5

1    This Findings and Recommendation is submitted to the United States District Judge

2  assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the

3  Local Rules of Practice for the United States District Court, Eastern District of California.

4  Within twenty days after being served with a copy, any party may file written objections with the

5  court and serve a copy on all parties.  Such a document should be captioned "Objections to

6  Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate

7  Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file

8  objections within the specified time may waive the right to appeal the District Court's order.

9  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

10

11  IT IS SO ORDERED.

12  Dated:   **December 8, 2011**                              **/s/ Jennifer L. Thurston**
                                                    UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28