1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## EASTERN DISTRICT OF CALIFORNIA

10
11

| | |
|---|---|
| STEVEN STROTHER, | 1:11-cv-01938-AWI-JLT HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1) |
| v. | |
| WARDEN, | ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY DAYS |
| Respondent. | |

12
13
14
15
16
17

Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus

18 pursuant to 28 U.S.C. § 2254.  On November 9, 2011, Petitioner filed his petition for writ of

19 habeas corpus in this Court in the United States District Court for the Central District of

20 California. (Doc. 1).  On November 22, 2011, the case was transferred to this Court.  (Doc. 4).

21      At the time the petition was filed, Petitioner was incarcerated at Pleasant Valley State

22 Prison, serving a sentence of 162 years-to-life for a February 10, 2004 conviction in the Orange

23 County Superior Court for, inter alia, three counts of first degree burglary, possession of a

24 firearm by a felon, evading while driving recklessly, and shooting at an unoccupied dwelling or

25 vehicle. (Doc. 6, p. 2).[1]  However, Petitioner does not challenge either his conviction or

26 sentence.   Instead, Petitioner is challenging a decision made by prison authorities while he was

27

28      [1]Petitioner's sentence includes six consecutive 25-years-to-life sentences plus an additional twelve-year enhancement pursuant to Cal. Pen. Code § 667(a), resulting in a total sentence of 162 years-to-life.  (Doc. 6, p. 2).

1   incarcerated at Centinela State Prison to classify Petitioner with a "VIO" determination pursuant

2   to Cal. Code Regs., tit. 15, § 3375.2, subd. (b)(25).[2]  (Doc. 1, pp. 5-8; p. 18).  Petitioner contends

3   that the VIO classification violates his federal due process rights because it was without a factual

4   foundation since he has never been charged with or convicted of a violent crime, as defined in

5   that regulation.  (Id.).

6                                               **DISCUSSION**

7            Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary

8   review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it

9   plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."  Rule

10  4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490

11  (9th Cir.1990).  A federal court may only grant a petition for writ of habeas corpus if the

12  petitioner can show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. §

13  2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality

14  or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*,

15  Preiser v. Rodriguez, 411 U.S. 475, 485, 93 S. Ct. 1827 (1973); Ramirez v. Galaza, 334 F.3d

16  850, 859 (9th Cir. 2003)("[H]abeas jurisdiction is absent, and a § 1983 action proper, where a

17  successful challenge to a prison condition will not necessarily shorten the prisoner's sentence.");

18  Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

19           The Ninth Circuit has also held that "[h]abeas corpus jurisdiction also exists when a

20  petitioner seeks expungement of a disciplinary finding from his record if expungement is likely

21  to accelerate the prisoner's eligibility for parole."  Bostic v. Carlson, 884 F.2d 1267, 1269 (9th

22  Cir. 1989); see also Docken v. Chase, 393 F. 3d 1024, 1031 (9th Cir. 2004)("[W]e understand

23  Bostic's use of the term 'likely' to identify claims with a sufficient nexus to the length of

24  _____

25           [2]Cal. Code Regs., tit. 15, § 3375.2, subd. (a) permits the California Department of Corrections and
     Rehabilitation to house inmates in facilities with a security level that is not consistent with the inmate's placement

26  score when he or she meets one of twenty-seven administrative or irregular placement conditions listed in subd. (b).
     Each of the twenty-seven listed conditions is given a three-letter code.  Petitioner was assigned the "VIO" code,

27  which indicates that he is and "[i]nmate [who] has a current or prior conviction for a violent felony, or a sustained
     juvenile adjudication including, but not limited to, those listed under Penal Code section 667.5(c), which, as

28  determined by the CSR, requires placement in a facility with a higher security level than that indicated by his/her
     placement score."  Cal. Code Regs., tit. 15, § 3375.2, subd. (b)(25).

                                                        2

1    imprisonment so as to implicate, but not fall squarely within, the 'core' challenges identified by

2    the Preiser Court.")

3          In contrast to a habeas corpus challenge to the length or duration of confinement, a civil

4    rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the

5    conditions of that confinement.   McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991);  Preiser,

6    411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules

7    Governing Section 2254 Cases.

8          In this case, as mentioned, Petitioner alleges that prison officials at Centinela State Prison

9    improperly classified him as a VIO inmate, thus resulting in his placement in a prison facility

10   with a higher security level than that indicated by his placement score.  Petitioner requests that

11   the VIO classification be removed from his prison file.  (Doc. 1, p. 8).  Petitioner is thus

12   challenging a condition of his confinement, not the fact or duration of that confinement.

13   Therefore, Petitioner is not entitled to habeas corpus relief, and this petition must be dismissed.

14   Should Petitioner wish to pursue his claims, Petitioner must do so by way of a civil rights

15   complaint pursuant to 42 U.S.C. § 1983.

16         Moreover, Petitioner's claim raises solely an issue of state law, and is therefore not a

17   cognizable claim in federal habeas corpus proceedings.  The basic scope of habeas corpus is

18   prescribed by statute.  Subsection (c) of Section 2241 of Title 28 of the United States Code

19   provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of

20   the Constitution." 28 U.S.C. § 2254(a) states that the federal courts shall entertain a petition for

21   writ of habeas corpus only on the ground that the petitioner "is in custody in violation of the

22   Constitution or laws or treaties of the United States. See also, Rule 1 to the Rules Governing

23   Section 2254 Cases in the United States District Court. The Supreme Court has held that "the

24   essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ."

25   Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

26         Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner

27   must demonstrate that the adjudication of his claim in state court resulted in a decision that was

28   contrary to, or involved an unreasonable application of, clearly established Federal law, as

1   determined by the Supreme Court of the United States; or resulted in a decision that was based

2   on an unreasonable determination of the facts in light of the evidence presented in the State court

3   proceeding. 28 U.S.C. § 2254(d)(1), (2).

4           The gravamen of the instant petition is a violation of state law, and, more specifically, a

5   state regulation.  Federal habeas relief is not available to retry a state issue that does not rise to

6   the level of a federal constitutional violation.  Wilson v. Corcoran, 562 U.S. ___, 131 S.Ct. 13,

7   16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475 (1991).  Alleged errors in the

8   application of state law are not cognizable in federal habeas corpus.  Souch v. Schiavo, 289 F.3d

9   616, 623 (9th Cir. 2002).  Indeed, federal courts are bound by state court rulings on questions of

10  state law. Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), cert. denied, 493 U.S. 942

11  (1989).

12          Although Petitioner makes broad, unspecified allegations of a "due process" violation,

13  Petitioner's generic assertion of a constitutional violation does not transform this state claim into

14  a federal one. Merely placing a "due process" label on an alleged violation does not entitle

15  Petitioner to federal relief. Langford v. Day, 110 F.3d 1386, 1388-89 (1996).   Broad, conclusory

16  allegations of unconstitutionality are insufficient to state a cognizable claim. Jones v. Gomez, 66

17  F.3d 199, 205 (9th Cir.1995); Greyson v. Kellam, 937 F.2d 1409, 1412 (9th Cir.1991) (bald

18  assertions of ineffective assistance of counsel did not entitle the petitioner to an evidentiary

19  hearing); see also Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999), citing Gray v.

20  Netherland, 518 U.S. 152, 162-63 (1996) ("general appeals to broad constitutional principles,

21  such as due process, equal protection, and the right to a fair trial, are insufficient to establish

22  exhaustion).

23          Finally, even where jurisdiction exists, federal courts, for good reasons, are reticent to

24  micro-manage a respondent's decisions regarding the day-to-day handling of prison discipline.

25  "[F]ederal courts ought to afford appropriate deference and flexibility to state officials trying to

26  manage a volatile environment....Such flexibility is especially warranted in the fine-tuning of the

27  ordinary incidents of prison life...."  Sandin v. Conner, 515 U.S. 472, 482 (1995).  In Procunier v.

28  Martinez, 416 U.S. 396, 404-405 (1974), overruled in part on other grounds, Thornburgh v.

4

Abbott, 490 U.S. 401 (1989), the Supreme Court explained the basis for this deference:

> Traditionally, federal courts have adopted a broad hands-off attitude toward problems of prison administration.  In part this policy is the product of various limitations on the scope of federal review of conditions in state penal institutions.  More fundamentally, this attitude springs from complementary perceptions about the nature of the problems and the efficacy of judicial intervention.  Prison administrators are responsible for maintaining internal order and discipline, for securing their institutions against unauthorized access or escape, and for rehabilitating, to the extent that human nature and inadequate resources allow, the inmates placed in their custody. The Herculean obstacles to effective discharge of these duties are too apparent to warrant explication.  Suffice it to say that the problems of prisons in America are complex and intractable, and, more to the point, they are not readily susceptible of resolution by decree.  Most require expertise, comprehensive planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government.  For all of those reasons, courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform.  Judicial recognition of that fact reflects no more than a healthy sense of realism.

Procunier, 416 U.S. at 404-405.  Thus, even if Petitioner's claim of improper classification were cognizable in these habeas proceedings, for the reasons set forth in Sandin and Procunier, this Court would be extremely reluctant to attempt to second-guess Respondent's decision regard Petitioner's classification.

## **RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus (Doc. 1), be DISMISSED because the petition does not allege grounds that would entitle Petitioner to habeas corpus relief.

///
///
///
///
///
///
///
///
///
///

1    This Findings and Recommendation is submitted to the United States District Judge

2 assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the

3 Local Rules of Practice for the United States District Court, Eastern District of California.

4 Within twenty days after being served with a copy, any party may file written objections with the

5 court and serve a copy on all parties.  Such a document should be captioned "Objections to

6 Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate

7 Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file

8 objections within the specified time may waive the right to appeal the District Court's order.

9 <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

10

11 IT IS SO ORDERED.

12 Dated:   **December 8, 2011**                          _____**/s/ Jennifer L. Thurston**_____
                                                  UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28